### ROBERTS v. BERTRAND.
### No. 1709.

Court of Appeal of Louisiana. First Circuit.
May 6, 1937.

M. H. Thompson, of Opelousas, for appellant.

Lewis & Lewis, of Opelousas, for appellee.

DORE, Judge.

Plaintiff sues to recover the possession of one bay horse, one red pony, one pair of mules, and one cow and calf, all valued at the total sum of $500, which livestock he alleges defendant took from him by force and without his consent on the 21st day of October, 1935. Plaintiff also asks for damages in the sum of $3.00 per day for each day that he is illegally deprived of the possession of said property.

Defendant admits that he has possession of said livestock, but avers that the same was turned over to him voluntarily by plaintiff in payment of a chattel mortgage on part of said livestock and another plain note signed by plaintiff, on which two notes plaintiff owed defendant a balance of $327.-11; that plaintiff owned the above livestock, with some others; and, on defendant pressing for a settlement, after plaintiff had taken his livestock off defendant's place without defendant's knowledge, it was then agreed for defendant to take enough of the stock to pay the indebtedness, which he did, after having the animals appraised by two disinterested persons.

Judgment was rendered in favor of defendant, dismissing the suit. Plaintiff has appealed.

The case has been submitted on the record and no oral argument was made or briefs filed by either side. The issues are purely questions of facts. Unless the findings of fact by the trial judge are clearly erroneous, they should not be disturbed. A careful reading of the testimony as it comes to us does not justify the conclusions that the trial court erred in his findings.

Plaintiff attempted to prove that he did not owe defendant any balance when the stock was taken. He admitted the execution of the notes and the purchase of supplies from the defendant during the seven years that he resided on defendant's place and cultivated the land for two-thirds of the crops, but he claims that he made and turned over to defendant a sufficient amount of cotton and farm produce to pay all of his indebtedness. On the other hand defendant has filed a statement of account showing the various debits and credits during these years that plaintiff was a tenant on his place. This account, which defendant claims is correct, shows a balance due by plaintiff of $327.11. Under the circumstances, we do not think that plaintiff has shown that he did not owe defendant the balance shown on this statement.

Plaintiff moved off defendant's place in October, 1935, and took all of his property and effects with him. When defendant learned that plaintiff had moved, he looked him up with a view of getting a settlement

of the balance due on the notes. He found plaintiff and discussed the settlement of the balance. Plaintiff denied that he ever gave his consent for defendant to take the livestock which was then at the home of plaintiff's brother; that he did not know that defendant had taken the livestock until after the stock had been removed. The defendant testified that plaintiff told him to go and get the livestock if it took all the stock to pay the balance due on the notes. This was at a restaurant where plaintiff's sister worked to whom plaintiff had gone to get her to loan him some money to make a payment on the debt; that, on plaintiff failing to get the money from his sister, he told defendant to get the stock. This was on Saturday and on the following Monday he (defendant) went to get the stock, and looked for plaintiff to get him to go along, but plaintiff could not be found; that defendant got two men to go with him to appraise the property, which was done, and he only took enough of the stock to cover the balance due on the notes; that, after he had secured the stock, he marked the notes paid and gave them to a relative of plaintiff to give him.

There is some testimony that partly corroborates the statement of defendant. On the other hand, there are some circumstances that rather lend support to the story told by plaintiff. But we cannot say that the trial judge erred in his conclusions.

For these reasons, the judgment appealed from is hereby affirmed.